
RECEIVED
USDC WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 10/17/05
BY JPB

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| ROLAND DAVID THOMPSON | CIVIL ACTION NO. 05-0520-M |
| VS. | SECTION P |
| ALAN CUPP, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the petition for writ of habeas corpus (28 U.S.C. §2254) filed by pro se petitioner Roland David Thompson on March 9, 2005.[1] Thompson is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Richland Parish Detention Center where he is serving a twenty-five year sentence imposed following petitioner's May 22, 2002 felony conviction in the Fifth Judicial District Court, Richland Parish.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the published jurisprudence of the State of Louisiana, establish the following relevant facts:

1. On December 7, 2001, the Richland Parish Grand Jury indicted petitioner on a charge of aggravated rape of a child under the age of twelve. [Doc. 1-4, p. 19]

---

[1] The "mailbox rule" provides that a prisoner's federal pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988). Plaintiff signed his pleadings on March 9, 2005. Therefore, the court assumes that this was the date that the petitioner presented his pleadings to the authorities for mailing.

2. On May 22, 2002, petitioner pled guilty to the amended charge of forcible rape. The plea was pursuant to a plea agreement which provided for an agreed to sentence of twenty-five years at hard labor, two years without benefit of suspension of sentence. At the conclusion of the plea, petitioner was indeed sentenced as agreed to. [See Doc. 1-4, p. 18, (minutes of court); pp. 1-17 (plea transcript); p. 28 (plea agreement)]

3. Petitioner did not appeal.[2]

4. On August 25, 2003 [3], petitioner filed an Application for Post-Conviction Relief in the Fifth Judicial District Court raising two claims for relief: (1) inadequate factual basis for the plea and, (2) excessive sentence. [Doc. 1-3, pp. 1-10]

5. On October 27, 2003, the district court denied the application for post-conviction relief. [Doc. 1-4, pp. 29-33]

6. On November 19, 2003, petitioner applied for supervisory writs in the Second Circuit Court of Appeal. [Doc. 1-3, pp. 11-20] The Second Circuit denied writs on December 18, 2003. See *State of Louisiana v. Roland David Thompson*, No. 38465-KH (La. App. 2d Cir. 12/18/2003). [Doc. 1-4, pp. 20-21]

---

[2] The petitioner, of course, waived his right to appeal by pleading guilty. Under Louisiana law, and subject to certain exceptions, a guilty plea normally results in the waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See *State v. Crosby*, 338 So.2d 584 (La.1976).

Further, La. C.Cr.P. art. 881.2(A)(2) provides: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As shown by the exhibits, petitioner was sentenced in accordance with a plea agreement which is set forth in the record.

[3] Again, this is the date petitioner signed his pleading and is thus the earliest date that the pleading could be said to have been filed. [See fn. 1, *supra*]

7. On December 30, 2003, petitioner filed an application for supervisory writs in the Louisiana Supreme Court. [Doc. 1-3, pp. 21-32] Relief was denied on February 4, 2005. See *State ex rel. Roland D. Thompson v. State of Louisiana*, 2004-KH-0222 (La. 2/4/2005). [Doc. 1-4, p. 22]

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) now provides a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[4] The tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson*, 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999). Thus, in order to do an

---

[4] Petitioner does not suggest that the period of limitation should be reckoned from any other event as provided in subsections (B), (C), or (D) of §2244(d)(1).

accurate timeliness analysis under §2244(d)(1)(A), three dates are generally necessary: (1) the date upon which the judgment of conviction and sentence became final; (2) the date(s) upon which an application for post-conviction or other collateral relief was properly filed; and, (3) the date upon which the application for post-conviction or other collateral relief ceased to be properly filed.

Petitioner was convicted and sentence was imposed on May 22, 2002. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], five days (more or less) following sentencing, or on or about May 31, 2002.[5] See *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Under 28 U.S.C. § 2244(d)(1)petitioner therefore had one year from the date upon which

---

[5] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction and sentencing provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. That provision became effective sometime in August, 2003. Therefore, when petitioner was sentenced, he had a period of five days within which to file an appeal.

La. C.Cr.P. art. 13 provides: "In computing a period of time allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on May 22, 2002, a Wednesday. The five day delay for filing an appeal commenced on May 23, and since May 25 (Saturday), May 26 (Sunday), and May 27 (Memorial Day) were legal holidays the period for filing an appeal motion ended on May 30.

his judgment of conviction became final or until May 31, 2003 to file his federal habeas petition.

He could not rely on the tolling provisions of 28 U.S.C. §2244(d)(2) because by the time he filed his Application for Post-Conviction Relief in the Fifth Judicial District Court on August 25, 2003, the limitations period had already expired and could not be revived even by this otherwise timely filed Application for Post-Conviction Relief since, as stated above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson,* 154 F.3d 196, 197 (5th Cir.1998).

In short, petitioner's habeas petition is clearly time-barred.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

conclusions accepted by the District Court, except upon grounds of plain error. *See,*

*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _17th_ day of _October_, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE